NO. 07-03-0127-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 20, 2003



______________________________




THE STATE OF TEXAS, APPELLANT



V.



KRISTOPHER COX, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 6053; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant, The State of Texas, by and through its District Attorney, Richard J.
Roach, filed a Motion to Dismiss Appeal on May 16, 2003, stating that it desires to
withdraw its appeal.

 Without passing on the merits of the case, we grant appellant's motion for voluntary
dismissal and hereby dismiss the appeal. Tex. R. App. P. 42.2. Having dismissed the
appeal at appellant's request, we will not entertain a motion for rehearing, and our
mandate will issue forthwith. 



 James T. Campbell

 Justice






Do not publish.



mal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-08-0353-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 7, 2009
                                       ______________________________

GINGER BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1152; HONORABLE STEVEN EMMERT, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Ginger Sue Brown, was convicted of aggravated sexual assault of a child



and subsequently sentenced to 10 years in the Institutional Division of the Texas
Department of Criminal Justice. By two issues, appellant contends that the trial judge
committed reversible error by 1) allowing hearsay testimony of a forensic interviewer to be
admitted before the jury, and 2) refusing to admit the previously recorded statement of
appellant’s co-defendant into evidence. We affirm.
Factual and Procedural Background
          On March 5, 2006, Jimmy Brown, the husband and co-defendant of appellant, was
arrested by Lipscomb County Deputy Jessica Kay for violating a protective order. While
being transported to jail, Brown began relaying information to Kay of an alleged sexual
assault of appellant’s son, Joey, that had occurred on or about March 2, 2002. After
arriving at the Lipscomb County jail, Brown gave two written statements and a video taped
statement to deputies. After receiving this information, the Lipscomb County Sheriff’s
Office dispatched another deputy, Jason McCarthy, to pick up the appellant for
questioning. Upon being brought to the jail, and after being advised of her right to remain
silent, appellant gave two written statements and a video taped statement admitting her
participation in the sexual assault. During her interviews, appellant stated that it was
Jimmy’s idea for her to have sex with her son. She further stated that Jimmy was
physically and emotionally abusive to her and the children. The statements did not,
however, contend that on the night in question that Jimmy physically forced her to have sex
with her son.
          At trial, in addition to the deputies who took the statements in the case, the State
produced the testimony of Shelly Bohannon, a forensic interviewer with the Bridge
Children’s Advocacy Center in Amarillo. Bohannon was qualified as an expert forensic
interviewer. She testified about her interviews of Joey. It was a portion of Bohannon’s
testimony that gave rise to appellant’s first contention. 
          The State also presented the testimony of the co-defendant, Jimmy, to the jury. 
Jimmy had given a number of statements to the authorities that contained inconsistencies. 
During appellant’s presentation of the evidence, Jimmy was recalled to the witness stand
and those inconsistencies were explored. At one point, appellant attempted to admit the
video taped statement given by Jimmy. From the record, it appeared that the offer was
made in an attempt to impeach Jimmy’s testimony. The trial court sustained the State’s
objection to the introduction of the statement. The exclusion of the video taped statement
is the basis of appellant’s second contention.
          We disagree with appellant’s contentions and will affirm the judgment of the trial
court. Both of appellant’s contentions deal with the trial court’s evidentiary rulings.
Standard of Review
          We review a trial court's decision regarding the admissibility of evidence under an
abuse of discretion standard. See Cameron v. State, 241 S.W.3d 15, 19 (Tex.Crim.App.
2007). Because trial courts are in the best position to decide questions of admissibility,
appellate courts will uphold a trial court's admissibility decision when that decision is within
the zone of reasonable disagreement. Id. An appellate court may not reverse a trial
court's decision regarding the admissibility of evidence solely because the appellate court
disagrees with the decision. Id. A trial court abuses its discretion when its decision lies
outside the zone of reasonable disagreement. See Montgomery v. State, 810 S.W.2d 372,
391 (Tex.Crim.App. 1990) (op. on reh’g).
 
Hearsay Objection to Bohannon’s Testimony
          Appellant lodged hearsay objections to much of Bohannon’s testimony. To properly
consider these objections, we must first determine whether or not Bohannon was offered
as an expert. An expert is someone whose “scientific, technical or other specialized
knowledge will assist the trier of fact to understand the evidence or to determine a fact in
issue, . . . .” See Tex. R. Evid. 702.


 The record reflects that the State spent a substantial
amount of testimonial time going over the witness’s education, training, and experience as
a forensic interviewer. Additionally, Bohannon testified about the procedure for conducting
a valid forensic interview, especially as it related to child victims of abuse. After a hearing
outside the presence of the jury, the trial court accepted Bohannon as an expert witness
on the subject of forensic interviews. Additionally, the State had filed a notice pursuant to
the Texas Code of Criminal Procedure to allow Bohannon’s testimony to be received as
an “outcry witness.” See Tex. Crim. Proc. Code Ann. art. 38.072 (Vernon 2005). At the
conclusion of the hearing, the record reflects that the trial court had ruled that Bohannon’s
testimony could also be received as an “outcry witness.” Appellant’s objections as to
hearsay purport to find error with each ruling by the trial court. 
          The following is the portion of Bohannon’s testimony that appellant objects to on
appeal. (All questions were by the State on direct examination.)
Q. Okay. So he said that his mom had not abused him, is that right?

 
A. That’s correct. That’s what he said.

 
Q. Okay. Did he talk about seeing the Defendant’s lingerie?

 
A. He talked about some–some clothes that may have holes in them, but I
don’t know if he was talking about lingerie or day wear or really what that
was.

 
Q. Did he ever express to you concerns that his mother would walk around
in provocative clothing?

 
A. No.

 
Q. Did he ever say he saw her in the clothing?

A. In provocative, no.



 
Q. Okay. Now did he discuss the role that the Co-Defendant Jimmy Brown
played?

 
A. In which?

 
Q. In the sexual assault.

 
A. He - - he talked about Jimmy having his mother, Joey’s mother go and get
him out of his bed and bring him into her bedroom and place him in the bed
with her and that he sat in a chair or recliner next to the bed and just
watched.

 
Q. And he said he was just watching. Did he say what his mother was
doing?

 
A. He - - he said he couldn’t remember.

 
Q. Did he ever give you any details as to the sexual assault by the Defendant
and the Co-Defendant against him?

 
A. No, he never did.

 
Q. Is it - - but he never specifically said about his mother’s private parts or
anything happening to him by his mother; is that correct?

 
A. No he denied that.

 
Q. Okay. Ms. Bohannon, based on your training and experience and the
number of forensic interviews that you have had with children, is it common
or uncommon for children not to disclose to you what’s been happening?

 
A. We see that pretty frequently.

 
Q. Okay. Is it common or uncommon for children to only partially disclose?

 
A. We see that quite a bit too, yes.
 
          Initially, we observe that whether or not Bohannon was an “outcry witness” may be
determined by whether or not the statements made by Joey were sufficient to describe the
alleged sexual assault. See Tex. Crim. Proc. Code Ann. art. 38.072 § 2. A review of the
objected to testimony would lead to the conclusion that it did not describe the assault, in
fact, Joey said he could not remember or it did not happen. See Garcia v. State, 792
S.W.2d 88, 90-91 (Tex.Crim.App. 1990) (stating that the statement to an outcry witness
must describe the alleged offense in some discernable manner as opposed to a general
allusion that something in the area or child abuse was going on). Here the child did not
give any testimony that could be viewed to sustain the requirement of the statute. 
          However, this is not the end of our inquiry. The State posits that the objected to
evidence was not offered for the truth of the matters asserted, rather they were offered to
establish the underlying facts or data to support the expert’s opinion about the reluctance
of the victim to testify. In this regard it appears that the jury could use this information to
evaluate Bohannon’s testimony that child victims commonly are reluctant to disclose the
facts of the assault and, in fact, may deny or only partially disclose any information about
the event. See Rule 705(a); Austin v. State, 222 S.W.3d 801, 812 (Tex.App.–Houston [14th
Dist.] 2007, pet. ref’d). Accordingly, the evidence was admissible for that purpose. 
          Appellant, however, contends that, even if it was admissible for that purpose, there
was a danger that the jury would use the information for other purposes than the evaluation
of the expert’s opinion. See Rule 705(d). Our review of the record does not support
appellant’s contention. This evidence was given to explain the victim’s reluctance to
discuss the events at issue. Further, appellant’s statements admitting the sexual assault
were admitted prior to Bohannon’s testimony. Therefore, there could be little danger of the
jury using the underlying interview to convict appellant of the offense for which she had
already confessed in written and video taped statements. Finally, the record further
reflects that the victim later testified before the jury and testified to some of the events of
the assault but again stated that he could not remember some of the events. Based on
the record before us, we cannot say the trial court abused its discretion in admitting the
testimony of Bohannon. See Cameron, 241 S.W.3d at 19. Accordingly, appellant’s first
issue is overruled.
Previously Recorded Statement of Jimmy Brown
          Appellant next contends that the trial court committed reversible error in refusing to
admit the previously recorded statement of Jimmy Brown into evidence. According to
appellant, the statement was admissible under the provisions of Rule 803(24) as an
admission against interest. See Rule 803(24). However, at trial appellant offered the
statement as a prior inconsistent statement. See Rule 801(e)(1)(A). As such, appellant’s
complaint on appeal does not comport with his objection at trial. See Reyna v. State, 168
S.W.3d 173, 179 (Tex.Crim.App. 2005) (an offer of evidence under one theory does not
preserve an appeal that the evidence was admissible under a different theory). 
Accordingly, nothing has been preserved for appeal. See Tex. R. App. P. 33.1(a)(1)(A). 
Therefore, appellant’s second issue is overruled.
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court. 
 
                                                                Mackey K. Hancock

                                                                         Justice









 

Do not publish.